IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

BARNARD DORSEY HUGH,

    Plaintiff,

v.

WARDEN MARTY C. ALLEN,

    Defendant.

CIVIL ACTION NO.: 6:18-cv-30

**ORDER and MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

This matter comes before the Court on Plaintiff's failure to prosecute his action and to pay the requisite filing fee. For the following reasons, I **RECOMMEND** that the Court **DISMISS without prejudice** Plaintiff's Complaint, (doc. 1), for his failure to prosecute this case and his failure to follow this Court's directives. I further **RECOMMEND** that the Court **DENY** Plaintiff leave to appeal *in forma pauperis* and **DIRECT** the Clerk of Court to enter the appropriate judgment of dismissal and to **CLOSE** this case.[1]

---

[1] A "district court can only dismiss an action on its own motion as long as the procedure employed is fair. . . . To employ fair procedure, a district court must generally provide the plaintiff with notice of its intent to dismiss or an opportunity to respond." Tazoe v. Airbus S.A.S., 631 F.3d 1321, 1336 (11th Cir. 2011) (citations and internal quotations marks omitted). A Magistrate Judge's Report and Recommendation ("R&R") provides such notice and opportunity to respond. See Shivers v. Int'l Bhd. of Elec. Workers Local Union 349, 262 F. App'x 121, 125, 127 (11th Cir. 2008) (indicating that a party has notice of a district court's intent to *sua sponte* grant summary judgment where a magistrate judge issues a report recommending the *sua sponte* granting of summary judgment); Anderson v. Dunbar Armored, Inc., 678 F. Supp. 2d 1280, 1296 (N.D. Ga. 2009) (noting that R&R served as notice that claims would be *sua sponte* dismissed). This R&R constitutes fair notice to Plaintiff that his suit is barred and due to be dismissed. As indicated below, Plaintiff will have the opportunity to present his objections to this finding, and the District Court will review *de novo* properly submitted objections. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72; see also Glover v. Williams, No. 1:12-CV-3562-TWT-JFK, 2012 WL 5930633, at *1 (N.D. Ga. Oct. 18, 2012) (explaining that magistrate judge's R&R constituted adequate notice and petitioner's opportunity to file objections provided a reasonable opportunity to respond).

**BACKGROUND**

On March 19, 2018, Plaintiff, proceeding *pro se*, filed a Complaint contesting the conditions of his confinement pursuant to 42 U.S.C. § 1983. (Doc. 1.) Plaintiff, however, neither paid the requisite filing fee nor moved to proceed *in forma pauperis*, and the Court mailed Plaintiff notice of his filing fee deficiency that same day. (Doc. 2.) In that Notice, the Clerk of Court advised Plaintiff that failure to either pay the filing fee or move to proceed *in forma pauperis* "may result in dismissal." (Id.) That Notice was refused and returned as undeliverable by Plaintiff's custodian of record on the Court's docket, Valdosta State Prison, located in Valdosta, Georgia. (Doc. 3.) Plaintiff has not notified the Court of his change of address or made any effort to inform the Court of his whereabouts. Indeed, Plaintiff has not taken any action in this case since he filed his Complaint over a month ago.

**DISCUSSION**

**I.     Whether Venue is Proper in this Court**

A district court may raise the issue of defective venue *sua sponte*. Collins v. Hagel, No. 1:13-CV-2051-WSD, 2015 WL 5691076, at *1 (N.D. Ga. Sept. 28, 2015) (citing Kapordelis v. Danzig, 387 F. App'x 905, 906–07 (11th Cir. 2010) (affirming *sua sponte* transfer, pursuant to 28 U.S.C. § 1406(a), of *pro se* prisoner's civil rights action from New York to Georgia); Berry v. Salter, 179 F. Supp. 2d 1345, 1350 (M.D. Ala. 2001); cf. Lipofsky v. New York State Workers Comp. Bd., 861 F.2d 1257, 1259 (11th Cir. 1988); and Nalls v. Coleman Low Fed. Inst., 440 F. App'x 704, 706 (11th Cir. 2011)). When venue is improper, a court "shall dismiss, or if it be in the interest of justice, transfer such case to any district . . . in which it could have been brought." 28 U.S.C. § 1406(a). "The court may transfer the case if (1) the proposed transferee court is one in which the action 'could have been brought' and (2) transfer would be 'in the interest of

justice.'" Leach v. Peacock, Civil Action No. 2:09cv738-MHT, 2011 WL 1130596, at *4 (M.D. Ala. Mar. 25, 2011) (citing 28 U.S.C. § 1406(a)). Trial courts generally have broad discretion in determining whether to transfer or dismiss a case. Id. (citing England v. ITT Thompson Indus., Inc., 856 F.2d 1518, 1520 (11th Cir. 1988)).

This Court is not the proper venue to hear Plaintiff's claims against the named Defendant. 28 U.S.C. § 1391(b) sets forth the applicable venue provisions:

> A civil action may be brought in (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

Plaintiff complains about events occurring at the Valdosta State Prison, located in Lowndes County, Georgia, which is within the Middle District of Georgia. 28 U.S.C. § 90(b)(6). Ordinarily, this Court would transfer Plaintiff's case in the interest of justice, as venue is not proper in this Court.

However, as explained below, in this case, because Plaintiff has not paid the requisite filing fee or moved to proceed *in forma pauperis*, and because the Court has no means by which to contact Plaintiff, the interests of justice would not be served by transferring this case to the Middle District of Georgia. In light of Plaintiff's filing fee deficiency and his stale contact information, no Court could move forward with his Complaint; Plaintiff's claims would still be subject to dismissal in the Middle District, and thus, transferring this case there would be futile.

Accordingly, the Court should **DISMISS without prejudice** Plaintiff's Complaint.

## II.     Dismissal for Failure to Prosecute and Failure to Follow this Court's Order

A district court may dismiss a plaintiff's claims *sua sponte* pursuant to either Federal Rule of Civil Procedure 41(b), ("Rule 41(b)"), or the court's inherent authority to manage its docket.  Link v. Wabash R.R. Co., 370 U.S. 626 (1962);[2] Coleman v. St. Lucie Cty. Jail, 433 F. App'x 716, 718 (per curiam) (11th Cir. 2011) (citing Fed. R. Civ. P. 41(b); Betty K Agencies, Ltd. v. M/V MONADA, 432 F.3d 1333, 1337 (11th Cir. 2005)).  In particular, Rule 41(b) allows for the involuntary dismissal of a plaintiff's claims where he has failed to prosecute those claims, comply with the Federal Rules of Civil Procedure or local rules, or follow a court order.  Fed. R. Civ. P. 41(b); see also Coleman, 433 F. App'x at 718; Sanders v. Barrett, No. 05-12660, 2005 WL 2640979, at *1 (11th Cir. Oct. 17, 2005) (citing Kilgo v. Ricks, 983 F.2d 189, 192 (11th Cir. 1993)); cf. Local R. 41.1(b) ("[T]he assigned Judge may, after notice to counsel of record, *sua sponte* . . . dismiss any action for want of prosecution, with or without prejudice[,] . . . [based on] willful disobedience or neglect of any order of the Court.").  Additionally, a district court's "power to dismiss is an inherent aspect of its authority to enforce its orders and ensure prompt disposition of lawsuits."  Brown v. Tallahassee Police Dep't, 205 F. App'x 802, 802 (11th Cir. 2006) (per curiam) (quoting Jones v. Graham, 709 F.2d 1457, 1458 (11th Cir. 1983)).

It is true that dismissal with prejudice for failure to prosecute is a "sanction . . . to be utilized only in extreme situations" and requires that a court "(1) conclud[e] a clear record of delay or willful contempt exists; and (2) mak[e] an implicit or explicit finding that lesser sanctions would not suffice."  Thomas v. Montgomery Cty. Bd. of Educ., 170 F. App'x 623, 625–26 (11th Cir. 2006) (per curiam) (quoting Morewitz v. West of Eng. Ship Owners Mut. Prot. & Indem. Ass'n (Lux.), 62 F.3d 1356, 1366 (11th Cir. 1995)); see also Taylor v. Spaziano, 251

---

[2]  In Wabash, the Court held that a trial court may dismiss an action for failure to prosecute "even without affording notice of its intention to do so."  370 U.S. at 633.

F. App'x 616, 619 (per curiam) (11th Cir. 2007) (citing Morewitz, 62 F.3d at 1366). By contrast, dismissal without prejudice for failure to prosecute is not an adjudication on the merits, and, therefore, courts are afforded greater discretion in dismissing claims in this manner. Taylor, 251 F. App'x at 619; see also Coleman, 433 F. App'x at 719; Brown, 205 F. App'x at 802–03.

While the Court exercises its discretion to dismiss cases with caution, dismissal of this action without prejudice is warranted. See Coleman, 433 F. App'x at 719 (upholding dismissal without prejudice for failure to prosecute Section 1983 complaint, where plaintiff did not respond to court order to supply defendant's current address for purpose of service); Taylor, 251 F. App'x at 620–21 (upholding dismissal without prejudice for failure to prosecute because plaintiffs insisted on going forward with deficient amended complaint rather than complying, or seeking an extension of time to comply, with court's order to file second amended complaint); Brown, 205 F. App'x at 802–03 (upholding dismissal without prejudice for failure to prosecute Section 1983 claims, where plaintiff failed to follow court order to file amended complaint and court had informed plaintiff that noncompliance could lead to dismissal).

With Plaintiff having failed to update the Court with his current address, (doc. 3), the Court has no means by which it can communicate with Plaintiff. Thus, the Court is unable to move forward with this case. Moreover, Plaintiff has failed to diligently prosecute his claims, as he has not paid the requisite filing fee or moved to proceed *in forma pauperis*, despite the Court sending him notification of this deficiency at his address of record. (Doc. 2.) Indeed, Plaintiff failed to timely submit his filing fee or file a motion to proceed *in forma pauperis* despite the Court specifically warning him that failure to do so would result in dismissal of his case. (Id.) Thus, the Court finds a clear record of willful contempt towards this Court's Orders and no sanction other than dismissal will suffice to remedy that contempt.

Accordingly, the Court should **DISMISS without prejudice** Plaintiff's Complaint.[3]

### III.     Leave to Appeal *in Forma Pauperis*

The Court should also deny Plaintiff leave to appeal *in forma pauperis*.[4] Though Plaintiff has, of course, not yet filed a notice of appeal, it is proper to address these issues in the Court's order of dismissal. Fed. R. App. P. 24(a)(3) (trial court may certify that appeal of party proceeding *in forma pauperis* is not taken in good faith "before or after the notice of appeal is filed").

An appeal cannot be taken *in forma pauperis* if the trial court certifies that the appeal is not taken in good faith. 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3). Good faith in this context must be judged by an objective standard. Busch v. County of Volusia, 189 F.R.D. 687, 691 (M.D. Fla. 1999). A party does not proceed in good faith when he seeks to advance a frivolous claim or argument. See Coppedge v. United States, 369 U.S. 438, 445 (1962). A claim or argument is frivolous when it appears the factual allegations are clearly baseless or the legal theories are indisputably meritless. Neitzke v. Williams, 490 U.S. 319, 327 (1989); Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993). Stated another way, an *in forma pauperis* action is frivolous, and thus not brought in good faith, if it is "without arguable merit either in law or

---

[3] Because Plaintiff complains about an alleged physical altercation between himself and an officer that occurred on April 8, 2016, (doc. 1, p. 5), the Court is cognizant of the fact that a dismissal without prejudice here could effectively operate as a dismissal with prejudice due to the applicable two-year statute of limitations. See Jenkins v. Hutcheson, 708 F. App'x 647, 648 n.1 (11th Cir. 2018) (per curiam) (citations omitted) (noting that a dismissal without prejudice is "tantamount" to one with prejudice when the statute of limitations, two-years in Georgia, would later bar refiling of the dismissed complaint). While the Court reluctantly recommends dismissal of Plaintiff's case due to the statute of limitations issues this dismissal portends, dismissal is nonetheless appropriate here because the Court has no means by which to communicate with Plaintiff regarding his filing fee deficiency or any other matter germane to his cause of action. This recommended dismissal, however, remains without prejudice and leaves Plaintiff free to advocate for equitable tolling, or any other exception to the time bar, in any later action brought on these facts that is precluded by the statute of limitations.

[4] A certificate of appealability is not required in this Section 1983 action.

6

fact." Napier v. Preslicka, 314 F.3d 528, 531 (11th Cir. 2002); see also Brown v. United States, Nos. 407CV085, 403CR001, 2009 WL 307872, at *1–2 (S.D. Ga. Feb. 9, 2009).

Based on the above analysis of Plaintiff's action, there are no non-frivolous issues to raise on appeal, and an appeal would not be taken in good faith. Thus, the Court should **DENY** Plaintiff *in forma pauperis* status on appeal.

## CONCLUSION

For the above-stated reasons, I **RECOMMEND** that the Court **DISMISS without prejudice** Plaintiff's Complaint, (doc. 1), for his failure to prosecute this case and his failure to follow this Court's directives. I further **RECOMMEND** that the Court **DENY** Plaintiff leave to appeal *in forma pauperis* and **DIRECT** the Clerk of Court to enter the appropriate judgment of dismissal and to **CLOSE** this case.

The Court **ORDERS** any party seeking to object to this Report and Recommendation to file specific written objections within fourteen (14) days of the date on which this Report and Recommendation is entered. Any objections asserting that the Magistrate Judge failed to address any contention raised in the Complaint must also be included. Failure to do so will bar any later challenge or review of the factual findings or legal conclusions of the Magistrate Judge. See 28 U.S.C. § 636(b)(1)(C); Thomas v. Arn, 474 U.S. 140 (1985). A copy of the objections must be served upon all other parties to the action.

Upon receipt of Objections meeting the specificity requirement set out above, a United States District Judge will make a *de novo* determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the Magistrate Judge. Objections not meeting the specificity requirement set out above will not be considered by a District Judge. A

party may not appeal a Magistrate Judge's report and recommendation directly to the United States Court of Appeals for the Eleventh Circuit. Appeals may be made only from a final judgment entered by or at the direction of a District Judge. The Court **DIRECTS** the Clerk of Court to serve a copy of this Report and Recommendation upon the Plaintiff.

    **SO ORDERED** and **REPORTED and RECOMMENDED**, this 9th day of May, 2018.

_____
R. STAN BAKER
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA